IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **ANTONIO SMITH and** | : | |
| **VERONICA A. HORNBUCKLE** | : | **C.A. No.      05-140** |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **DELAWARE FIRST FEDERAL** | : | |
| **CREDIT UNION** | : | |
| | : | |
| **Defendant.** | : | |

## DEFENDANT, DELAWARE FIRST FEDERAL CREDIT UNION'S, OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Seth J. Reidenberg, Esquire (No. 3657)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone:  (302) 571-6706

*Attorneys for Defendant Delaware First*
*Federal Credit Union*

Dated:  August 5, 2005

061809.1007

## **TABLE OF CONTENTS**

**Page**

NATURE AND STAGE OF PROCEEDINGS ...................................................................1

SUMMARY OF THE ARGUMENT ...............................................................................2

STATEMENT OF FACTS ...............................................................................................3

ARGUMENT ....................................................................................................................4

CONCLUSION..................................................................................................................8

## TABLE OF CITATIONS

**Cases**                                                                                                          **Page**

*City of Pittsburgh v. West Penn Power Co.,*
    147 F.3d 256 (3d Cir. 1998)...................................................................................4

*Conley v. Gibson,*
    355 U.S. 41 (1957)..........................................................................................4

*Development Fin. Corp. v Alpha Hous. & Health Care, Inc.,*
    54 F. 3d 156 (3d Cir. 1995)..............................................................................7

*Francis v. Northeast Community Federal Credit Union,*
    2003 U.S. Dist. LEXIS 20342 (N.D. Ca. 2003)................................................5

*Gould Elects., Inc. v. United States,*
    220 F.3d 169 (3d Cir. 2000)..............................................................................6

*Heiskala v. Johnson Space Center Federal Credit Union,*
    474 F.Supp. 448 (S.D. Tex., Houston Division 1979)......................................5

*J&D Home Improvement, Inc. v. Basement Doctor, Inc.,*
    2004 U.S. App. LEXIS 1008 (3d Cir. 2004) ....................................................6

*Jackson v. Metropolitan Edison Co.,*
    419 U.S. 345 (1974)..........................................................................................5

*Jesinger v. Nevada Federal Credit Union,*
    24 F.3d 1127 (9th Cir. 1994) ............................................................................5

*Ketterson, et al. v. Wolfe, et al.,*
    2001 U.S Dist. LEXIS 12535 (D. Del. 2001) ................................................6,7

*Kopicko v. Department of Servs. for Children, Youth & Their Families,*
    2004 U.S. Dist. LEXIS 16130  (D. Del. 2004) .................................................6

*Mosley v. Bay Ship Management, Inc.,*
    174 F. Supp. 192 (D.N.J. 2000) .......................................................................4

*Pen Ben Guar. Corp. v. White Consol. Indus.,*
    998 F.2d 1192 (3d Cir. 1993)............................................................................4

*Unger v. National Residents matching Program,*
    928 F.2d 1392 (3d Cir. 1991)............................................................................4

*Washington v. Union Carbide Corp.,*
    870 F.2d 957 (4th Cir. 1989) ............................................................................4


**Statutes**

Fed. R. Civ. P. 12(b)(1)...............................................................................1,3,6,7

28 U.S.C. §§ 1331.........................................................................................2,7

28 U.S.C. § 1332...........................................................................................2,7


**Miscellaneous**

Fourteenth Amendment of the United States Constitution ........................................1,2,4,5,6

5A C. Wright & A. Miller, Federal Practice & Procedure Civ. 2d § 1357
    (2nd Ed. 1990)...................................................................................................4

## NATURE AND STAGE OF PROCEEDINGS

On or about March 10, 2005, Plaintiffs filed this action ("Complaint") against the Defendant, Delaware First Federal Credit Union ("DFFCU"). DFFCU was served on or about the same day - March 10, 2005. [D.I.#1]  In lieu of filing an Answer to the Complaint, DFFCU filed a Motion to Dismiss on or about March 30, 2005 and an Opening Brief in Support of its Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(1). [D.I.#2,3] Plaintiffs never answered the Motion to Dismiss.

On or about July 8, 2005, Plaintiffs filed a First Amended Complaint. (Attached as **Exhibit "A"**)  Plaintiffs' First Amended Complaint added one count to the original three (3) causes of action alleged in the original Complaint: "Violation of the 14th Amendment." The remaining three counts, "Breach of Contract (Breach of Duty), Intentional Misrepresentation (Fraud) and Intentional Emotional Distress (Pain and Suffering)" are the same as the ones asserted in the original Complaint. However, the addition of the Fourteenth Amendment claim does not cure the defects found in the original Complaint. Plaintiffs' First Amended Complaint, even with the addition of the new count, still should be dismissed. Plaintiffs' Fourteenth Amendment claim fails as a matter of law. As a result, the remaining claims only assert state law claims for which this Court lacks jurisdiction to hear. This is DFFCU's Opening Brief in Support of its Motion to Dismiss the First Amended Complaint.

## SUMMARY OF THE ARGUMENT

1.    Plaintiffs' Fourteenth Amendment claim must be dismissed because the actions of a federal credit union are not "governmental action" for purposes of Constitutional restrictions, and, therefore, DFFCU is not subject to the restrictions of the Fourteenth Amendment. As a result, Plaintiffs' Fourteenth Amendment claim must be dismissed as a matter of law.

2.    The three remaining claims must be dismissed because this Court lacks subject matter jurisdiction, under either 28 U.S.C. §§ 1331 or 1332, to hear them. The remaining claims of Plaintiffs' First Amended Complaint Plaintiffs are, "Breach of Contract (Breach of Duty), Intentional Misrepresentation (Fraud) and Intentional Emotional Distress (Pain and Suffering)." These remaining claims are all state law claims and do not raise any federal question needed to support jurisdiction under 28 U.S.C. § 1331. Furthermore, because both parties reside in Delaware, there is no diversity of citizenship between them necessary to support jurisdiction under 28 U.S.C. § 1332.

## STATEMENT OF FACTS[1]

Plaintiffs are members of DFFCU and have a debit card through DFFCU. In their First Amended Complaint, Plaintiffs allege that DFFCU allowed Hertz Corporation ("Hertz") to debit their account without prior authorization. (¶ 8 of the Amended Complaint)  Plaintiffs further allege that they informed DFFCU not to permit Hertz to debit their account at DFFCU. (¶ 4 of the Amended Complaint)  Plaintiffs were allegedly informed that the account was "flagged" and, as a result, it was their impression that no transactions would be permitted on their account by Hertz. (¶ 5-6 of the Amended Complaint)

On or about February 11, 2005, Hertz debited Plaintiffs' account in the amount of $5,652.95. (¶ 8 of the Amended Complaint)  Plaintiffs were allegedly unaware of the account activity until February 25, 2005, when they were unable to withdraw funds from their account. (¶ 11 of the Amended Complaint)  Plaintiffs were instructed by employees of DFFCU to write a letter disputing the Hertz debit. (¶ 13 of the Amended Complaint)  Plaintiffs were instructed by employees of DFFCU to write a letter disputing the Hertz debit (¶ 13 of the Amended Complaint) but were informed by DFFCU employees that they could not do anything to assist them. (¶ 14 of the Amended Complaint)

Plaintiffs allege that they relied on DFFCU's alleged statement that the account was flagged in December 2004 and that Hertz could not debit their account. Plaintiffs allege that DFFCU intentionally and knowingly misrepresented the facts and, as a result, Plaintiffs were seriously harmed. (¶ 17 of the Amended Complaint)

---

[1] The facts alleged in the Amended Complaint are, for purposes of this motion only, assumed to be true as required by the standard for determining motions to dismiss under Fed. R. Civ. P. 12(b)(1).

## ARGUMENT

I.    Plaintiffs' Fourteenth Amendment Claim Must Be Dismissed
      As A Matter of Law Because DFFCU Is A Private Entity
      And Not Subject To The Restrictions Of The Fourteenth Amendment

              The standard applicable to a motion to dismiss is well understood and easily articulated. A motion to dismiss may be granted where a plaintiff has not pled and cannot plead any set of facts upon which relief can be granted. *See, e.g., Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Washington v. Union Carbide Corp.*, 870 F.2d 957, 962 (4th Cir. 1989). Where a pleading fails to allege <u>facts</u> adequate to support a cognizable legal claim or asserts a legal theory that is not cognizable as a matter of law, the pleading is legally insufficient and should be dismissed. *See City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 269 (3d Cir. 1998); *Unger v. National Residents Matching Program*, 928 F.2d 1392, 1401-02 (3d Cir. 1991). In considering the allegations of the complaint, only the truth of well-pleaded facts need be assumed. Conclusory legal and factual contentions need not be given weight. *See, e.g.*, 5A C. Wright & A. Miller, Federal Practice & Procedure Civ. 2d §1357 at 311-19 (2d Ed. 1990). In deciding a motion to dismiss, the Court may consider the complaint, exhibits attached to the complaint, matters of public record and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *Mosley v. Bay Ship Management, Inc.*, 174 F. Supp. 192, 196 (D.N.J. 2000) *citing Pen Ben Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042, 114 S.Ct. 687 (1984).

              Assuming, for purposes of this Motion to Dismiss, that Plaintiffs' allegations are all true, Plaintiffs Fourteenth Amendment claim must be dismissed because there are no <u>facts</u> adequate to support a cognizable legal claim or asserts a legal theory that is not cognizable as a matter of law against DFFCU. "The principle that private action is immune from the restrictions

of the Fourteenth Amendment is well established." *Jesinger v. Nevada Federal Credit Union*, 24 F.3d 1127, 1132 (9th Cir. 1994) (quoting *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 349 (1974))  Courts faced with the issue of whether federal credit unions are governmental actors for purposes of Constitutional restrictions have consistently ruled that federal credit unions are private entities and, therefore, immune from the restrictions of the Fourteenth Amendment. *Jesinger* at 1132; *Francis v. Northeast Community Federal Credit Union,* 2003 U.S. Dist. LEXIS 20342 (N.D. Ca. 2003)[2]; *Heiskala v. Johnson Space Center Federal Credit Union*, 474 F.Supp. 448 (S.D. Tex., Houston Division 1979).

The Court in *Francis* stated, "[a]lthough defendant Northeast Community Federal Credit Union has the word 'federal' in its name, it is not part of the federal government." *Francis* at *3. "The fact that it is federally insured does not make it a government entity.  In sum, the United States Constitution and section 1983, do not apply to plaintiff's allegations." *Id.* While a federal credit union and its duties are highly regulated by federal law, it does not make the actions of a federal credit union "governmental action" for purposes of Constitutional restrictions. *Jesinger* at 1132. Government regulation of credit unions alone is not enough to make a private entity and a government agency interdependent. *Jesinger* at 1132.  *Heiskala,* 474 F.Supp. at 453 ("...the slight degree of government Involvement [sic] in the business of federal credit unions does not warrant applying Constitutional requirements to these democratically controlled, non-profit cooperatives.")

Plaintiffs allege in the First Amended Complaint that DFFCU had an obligation to notify Plaintiffs of any transaction that occurred with the Plaintiffs' checking account and that DFFCU should have notified Plaintiffs' immediately when the Hertz debit was made from their account on February 11, 2005.  According to Plaintiffs, DFFCU was required to "protect the

[2] Attached hereto as **Exhibit "B"**

Plaintiffs as required by State and Federal laws [sic]." Plaintiffs further allege that the failure to "use reasonable care to protect the Plaintiffs' account," caused them considerable financial harm and hardship and that such actions were a violation of their Fourteenth Amendment rights. Even if Plaintiffs' allegations are true, Plaintiffs cannot state a claim against DFFCU based on the Fourteenth Amendment. Although DFFCU has the word "federal" in its name, DFFCU, is a private entity, not a government entity. As such, DFFCU is not subject to the Constitutional restrictions Plaintiffs are claiming. Therefore, Plaintiffs' Fourteenth Amendment claim must be dismissed as a matter of law.

II.    Because Plaintiffs' Fourteenth Amendment Claim Fails, The Remaining
       Claims Should Be Dismissed Because The Remaining Three Counts
       Do Not State A Claim Sufficient To Support Subject Matter Jurisdiction In This Court.

There are two types of Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction that a defendant can assert. One is a facial challenge to the Court's jurisdiction. *Ketterson, et al. v. Wolfe, et al.*, 2001 U.S. Dist. LEXIS 12535, at *9 (D. Del. 2001)[3] *citing Gould Elects., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). When a defendant asserts a facial challenge to jurisdiction, a court must accept the complaint's allegations as true. *J&D Home Improvement, Inc. v. Basement Doctor, Inc.*, 2004 U.S. App. LEXIS 1008, at **4 (3d Cir. 2004)[4]; *Kopicko v. Department of Servs. for Children, Youth & Their Families*, 2004 U.S. Dist. LEXIS 16130 at *6 (D. Del. 2004)(holding that a challenge to subject matter jurisdiction requires the court to ask whether the complaint on its face is sufficient to invoke the court's jurisdiction)[5]. The other type is a factual challenge to the Court's subject matter jurisdiction, which contends that the allegations in the complaint establishing jurisdiction are not sufficiently supported by the facts. *Ketterson*, 2001 U.S. Dist. LEXIS 12535, at *9.

---

[3] Attached hereto as **Exhibit "C"**
[4] Attached hereto as **Exhibit "D"**
[5] Attached hereto as **Exhibit "E"**

Even if this Court assumes, as it must, that all of the factual allegations asserted in the First Amended Complaint are true, Count II - "Breach of Contract (Breach of Duty), Count III - Intentional Misrepresentation (Fraud) and Count IV -Intentional Emotional Distress (Pain and Suffering)" do give rise to subject matter jurisdiction in this Court.  Plaintiffs' remaining claims do not assert any federal question nor is there diversity of citizenship between the parties. Therefore, this Court lacks jurisdiction to hear the remaining claims and it should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

28 U.S.C. § 1331 grants the district courts original jurisdiction over civil actions that arise under the Constitution, laws or treaties of the United States.  In reviewing Plaintiffs' Complaint, Counts II-IV, assert no violation of the Constitution, laws or treaties of the United States.  Counts II-IV are state law claims, therefore, this Court lacks jurisdiction to hear the remaining claims pursuant to 28 U.S.C. § 1331.

Furthermore, while 28 U.S.C. § 1332 does grant district courts jurisdiction to hear disputes containing only state law claims, "…there must be a complete diversity [of citizenship] between all plaintiffs and all defendants." *Ketterson* 2001 U.S. Dist. LEXIS 12535 at *7 *quoting Development Fin. Corp. v Alpha Hous. & Health Care, Inc.*, 54 F. 3d 156, 158 (3d Cir. 1995).  It is clear in this case that there is no diversity of citizenship between the parties.  In their First Amended Complaint, Plaintiffs allege that, "[t]hat the Plaintiffs residence is located at 27 Gershwin Circle, Newark, Delaware.  That the Defendants (sic) is a Federal Bank Credit Union doing business at 1815 Newport Gap Pike Wilmington, Delaware." (¶ 3 of the First Amended Complaint).  Both parties are clearly Delaware citizens.  Plaintiffs reside in Newark, Delaware. DFFCU is a credit union based in Delaware and operating in Delaware.  (¶ 3 of the Complaint).

As a consequence, there is not complete diversity of citizenship and jurisdiction cannot be based on 28 U.S.C. § 1332.

## CONCLUSION

For all of the foregoing reasons, DFFCU respectfully requests that the complaint be dismissed in its entirety.

_____
Seth J. Reidenberg, Esquire (No.3657)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6706
Facsimile:  (302) 576-3442
E-Mail: sreidenberg@ycst.com

*Attorneys for Defendant Delaware First
Federal Credit Union*

Dated: August 5, 2005