IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ANTONIO SMITH and VERONICA          :
A. HORNBUCKLE,                      :
                                    :
          Plaintiffs,               :
                                    :
     v.                             :     Civil Action No. 05-140-JJF
                                    :
DELAWARE FIRST FEDERAL              :
CREDIT UNION,                       :
                                    :
          Defendants.               :

---

Antonio Smith and Veronica A. Hornbuckle, Pro Se Plaintiffs.

Seth J. Reidenberg, Esquire of
YOUNG CONAWAY STARGATT & TAYLOR LLP, Wilmington, Delaware.
Attorney for Defendant.

---

**MEMORANDUM OPINION**

October 25, 2005
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is Defendant, Delaware First Federal Credit Union's Motion To Dismiss Plaintiffs' First Amended Complaint (D.I. 5). For the reasons discussed the Motion will be granted.

## I.    Background

The following facts are alleged in Plaintiffs' Amended Complaint (D.I. 4). On December 28, 2004, Plaintiffs filed documents with Defendant to prevent money being removed from their banking account through any debit card transaction submitted by Hertz Corporation. Defendant assured Plaintiffs that they had flagged Plaintiffs' account and that no money would be transferred to Hertz. On February 11, 2005, without Plaintiffs' consent, Hertz Corporation debited $5,652.95 to Plaintiffs' account. When Plaintiffs discovered that the transaction had taken place, they spoke with Defendant's representatives and were assured that the problem would be corrected once Plaintiffs submitted a letter disputing the transaction. On February 28, 2005, Plaintiffs submitted a letter but were informed that nothing could be done regarding the transaction. Since the Hertz transaction took place, Plaintiffs have been unable to pay bills and have become sick, lost sleep, and suffered from migraine headaches.

1

Plaintiffs filed a Complaint on March 10, 2005, alleging breach of contract, intentional misrepresentation, and intentional infliction of emotional distress.  (D.I. 1).  In response, Defendant filed a Motion To Dismiss, arguing that the Court lacked subject matter jurisdiction to hear Plaintiffs' claims.  (D.I. 2).  Plaintiffs subsequently amended their Complaint to add a claim for violation of due process under the Fourteenth Amendment.  (D.I. 4).  Defendant then filed a Motion To Dismiss Plaintiffs' First Amended Complaint, this time for failure to state a claim under the Fourteenth Amendment and lack of subject matter jurisdiction over the remaining claims.  (D.I. 5).  Since then, Plaintiffs have filed a Motion For Summary Judgment.  (D.I. 9).  Because the Court concludes that consideration of Defendant's Motion To Dismiss Plaintiff's First Amended Complaint (D.I. 5) also resolves the issues presented by Defendant's first Motion To Dismiss (D.I. 2) and Plaintiff's Motion For Summary Judgment (D.I. 9), the Court will address only Defendant's Motion To Dismiss Plaintiff's First Amended Complaint (D.I. 5).

## II.  Parties' Contentions

By its Motion, Defendant contends that Plaintiffs have failed to state a claim for which relief can be granted under the Fourteenth Amendment, and therefore, the claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

2

If the Fourteenth Amendment claim is dismissed, Defendant further contends that the Court lacks subject matter jurisdiction over Plaintiffs' remaining claims for breach of contract, intentional misrepresentation, and intentional infliction of emotional distress, and therefore, Plaintiffs' Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

Plaintiffs have not to responded either of Defendant's motions.

**III. Discussion**

    A.   <u>Whether Plaintiffs' claim for violation of their due process rights under the Fourteenth Amendment should be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6)</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 183 (3d Cir. 1993). When considering a motion to dismiss, a court must accept as true all allegations in the complaint and must draw all reasonable factual inferences in the light most favorable to the plaintiff. <u>Neitzke v. Williams</u>, 490 U.S. 319, 326-27 (1989); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255 (3d Cir. 1994). The Court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts." <u>Kost</u>, 1 F.3d at 183.

3

Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The burden of demonstrating that the plaintiff has failed to state a claim upon which relief may be granted rests on the movant. Young v. West Coast Industrial Relations Assoc., Inc., 763 F.Supp. 64, 67 (D. Del. 1991) (citations omitted).

A claim for violation of due process under the Fourteenth Amendment requires state action. U.S. Const. amend. XIV § 1 ("nor shall any state deprive any person...")(emphasis added). "[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n, 531 U.S. 288, 294 (2001)(quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974)). The United States Supreme Court has treated private entities as state actors when an action is the result of coercion from the state, when an entity takes on a traditionally public function, and when an entity is greatly entwined with government policies or control. Brentwood Acad., 531 U.S. at 296; Pennsylvania v. Bd. of Dirs. of City Trusts of Philadelphia, 353 U.S. 230, 231 (1957); West v. Atkins, 487 U.S. 42, 56 (1988); Evans v. Newton, 382 U.S. 296, 299 (1966).

4

Several courts have found that credit unions are not state actors. <u>Francis v. Northeast Cmty. Fed. Credit Union</u>, No. 03-4899, 2003 U.S. Dist. LEXIS 20342 (N.D. Cal. 2003); <u>Hauschild v. Nielsen</u>, 325 F.Supp.2d 995 (D. Neb. 2004); <u>Heiskala v. Johnson Space Ctr. Fed. Credit Union</u>, 474 F.Supp 448 (S.D. Tex. 1979). While governments may regulate credit unions, "regulation alone is not enough to make a private entity and a government agency interdependent." <u>Jesinger v. Nevada Fed. Credit Union</u>, 24 F.3d 1127, 1132 (9th Cir. 1994). Also, although a credit union may have "the word 'federal' in its name, it is not part of the federal government. The fact that it is federally insured does not make it a government entity." <u>Francis</u>, 2003 U.S. Dist. LEXIS 20342, at *3.

Accepting all allegations in Plaintiffs' Amended Complaint as true and drawing all reasonable factual inferences in the light most favorable to Plaintiffs, the Court concludes that Plaintiffs have failed to state a claim for violation of their due process rights under the Fourteenth Amendment. The Court finds persuasive other courts' holdings that credit unions are not state actors simply because they are regulated by state or federal governments. Additionally, the Court concludes that this is not a situation where the private entity is being coerced by the state, is performing a traditionally public function, or is greatly entwined with government policies or control.

5

Accordingly, the Court will grant Defendant's motion to dismiss Plaintiffs' claim for violation of Plaintiffs' due process rights under the Fourteenth Amendment.

> B.    Whether the Court has subject matter jurisdiction under Rule 12(b)(1) over Plaintiffs' remaining claims for breach of contract, intentional misrepresentation, and intentional infliction of emotional distress

Having dismissed Plaintiffs' Fourteenth Amendment claim, the Court must determine whether it has subject matter jurisdiction to hear Plaintiffs' remaining claims under Federal Rule of Civil Procedure 12(b)(1).

A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of the court to address the merits of a plaintiff's complaint.  The motion should be granted where the asserted claim is "insubstantial, implausible, foreclosed by prior decisions of [the] Court, or otherwise completely devoid of merit as not to involve a federal controversy." Coxson v. Comm. of Pennsylvania, 935 F.Supp. 624, 626 (W.D. Pa. 1996)(citations omitted).

A motion to dismiss under 12(b)(1) may present either a facial or factual challenge to subject matter jurisdiction. See Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  When asserting a facial challenge, a Defendant contends that the complaint alleges facts that, even if true, would not be sufficient to establish the court's jurisdiction. Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir.

6

2000).  The instant case presents a facial challenge because Defendant does not dispute the existence of the jurisdictional facts alleged in the Complaint.  Therefore, the Court must accept the facts alleged in the Complaint as true, and draw all reasonable inferences in favor of Plaintiffs.  Mortensen, 549 F.2d at 891.

There are two primary ways in which a plaintiff may allege subject matter jurisdiction: diversity and federal question.

1.  *Diversity Jurisdiction*

A federal court has subject matter jurisdiction based on diversity when "the matter in controversy exceeds the sum value of $75,000, exclusive of interest and costs, and is between...citizens of different States."  28 U.S.C. § 1332 (2005).

Accepting all the facts alleged in the Complaint as true and drawing all reasonable inferences in favor of Plaintiffs, the Court concludes that it lacks subject matter jurisdiction over Plaintiffs' remaining claims based on diversity.  Plaintiffs are suing Defendant for $250,000, and therefore, have established the jurisdictional amount in controversy.  (D.I. 4 at 1); See St. Paul Mercury Indemnification Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)("sum claimed by the plaintiff controls if the claim is apparently made in good faith").  However, Plaintiffs have not established diversity of citizenship among the parties.  In their

7

Amended Complaint, Plaintiffs allege that they and Defendant are citizens of the State of Delaware.  Thus, they are not "citizens of different States."  (D.I. 4 at 1).  Accordingly, the Court concludes that Plaintiffs' allegations fail to support diversity jurisdiction.

        2.   *Federal Question Jurisdiction*

Pursuant to 28 U.S.C. § 1331, federal courts have federal question jurisdiction over "cases in which a well pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983).

Accepting all the facts alleged in the Complaint as true and drawing all reasonable inferences in favor of Plaintiffs, the Court concludes that it lacks subject matter jurisdiction over Plaintiffs' remaining claims based on federal question jurisdiction.  Plaintiffs' remaining claims include breach of contract, intentional misrepresentation, and intentional infliction of emotional distress.  These claims are all state law claims and do not arise under federal laws or the Constitution. In discussing their breach of contract claim, Plaintiffs state that "Defendants fail to perform as required by Federal Laws." (D.I. 4 at 6).  Plaintiffs, however, fail to identify any

applicable federal laws and mention these "Federal Laws" only as a part of their breach of contract claim. Accordingly, the Court concludes that Plaintiffs' allegations fail to support federal question jurisdiction.

## IV. Conclusion

For the reasons discussed, Defendant, Delaware First Federal Credit Union's, Motion To Dismiss Plaintiffs' First Amended Complaint (D.I. 5) will be granted.

An appropriate Order will be entered.